**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUMMER ALONSO**,<br><br>*Plaintiff*,<br><br>v.<br><br>**UNIONVILLE CHADDS FORD SCHOOL DISTRICT, et al.**,<br><br>*Defendants*. | **Case No. 2:25-cv-05697-JDW** |

## MEMORANDUM

Drivers have to keep their eyes on the road. When they don't, bad things happen. In this case, the undisputed evidence suggests that Nancy Warner took her eyes off the road while driving a school van and therefore didn't see the cars in front of her coming to a stop. When she looked back, it was too late, and she hit a truck that was waiting in a line of traffic at a red light. Ms. Warner and her employer Unionville Chadds Ford School District want the trial to include their crossclaim the driver of the truck that she hit, arguing that he stopped suddenly and caused the accident. But there's no evidence to permit a jury to reach that conclusion. I will therefore grant summary judgment to Roger Summers and his company Summers Logging, LLC.

# I. BACKGROUND

## A. The Accident

On October 15, 2024, a motor vehicle accident occurred on Kennett Pike in Chester County involving three vehicles. Joseph Parrett drove the leading vehicle, a pickup truck, traveling southbound on Kennett Pike. Mr. Parrett stopped when approaching a red light at the intersection of Kennett Pike and Hillendale Road. Roger Summers drove the second vehicle, a white truck, traveling in the same direction. Mr. Summers saw vehicles stopped earlier than usual on Kennett Pike approaching the Hillendale Road intersection and applied his brakes. Nancy Warner drove the third vehicle, a school van, on the same route behind Mr. Summers

While driving, Ms. Warner heard a loud bang on the undercarriage of the van. She looked away from the road to her window or mirror for approximately two seconds. When Ms. Warner looked back to the road, she saw red brake lights ahead. She did not expect slowing or stopped traffic because of the substantial distance to the Hillendale light. To her, "[i]t just seemed like everybody suddenly came to a sudden stop," and it "looked like they put their brakes on hard and fast." (ECF No. 39-4 at 46, 65.)

Ms. Warner applied her brakes but could not stop before hitting Mr. Summers's car. Mr. Summers was stopped for up to one minute before Ms. Warner's vehicle hit his

truck.[1] After his car was struck by the van, Mr. Summers' truck hit Mr. Parrett's truck. As a result of the accident, Minor Plaintiff, J.A., a passenger in the school van, suffered a concussion and other injuries.

**B. Procedural History**

On September 27, 2025, Ms. Alonso filed this case against Defendants Unionville Chadds Ford School District; Ms. Warner; Summers Logging, LLC; Roger Summers; and Centreville Layton School in the Chester County Court of Common Pleas. Ms. Alonso asserts claims for negligence on behalf of her minor child, J.A., and in her own right. Ms. Warner and Unionville Chadds Ford School District ("School District Defendants") removed the case to this Court on October 2, 2025.

Summers Logging, LLC and Roger Summers (the "Summers Defendants") filed a crossclaim against all other Defendants for indemnification or contribution on November 18, 2026. The School District Defendants filed a crossclaim against all other Defendants for indemnification or contribution on November 21, 2025. On February 2, 2026, Defendant Centreville Layton School was dismissed from the litigation by stipulation. Following discovery, the Summers Defendants moved for summary judgment. Ms. Alonso does not oppose; the School District Defendants oppose the motion.[2]

---

[1] Ms. Warner could not recall whether Mr. Summers's vehicle was stopped or moving at the time. Her lack of certainty does not create a factual dispute for a jury to resolve.

[2] The Summers Defendants provided a proposed Statement Of Undisputed Material Facts (SUMF) to all counsel on June 4, 2026, past the deadline of May 29, 2026 that my Policies And Procedures require. I expect all parties to comply with my Policies And Procedures,

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alternation and quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead, [s]he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322-36). If she fails to make this showing, then the court may "consider the fact undisputed" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). In making a showing of a genuine dispute, "the non-movant may not rest on speculation and conjecture in opposing a motion..." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016).

---

but the time to remedy this delay was in response to the SUMF, either by seeking an extension to respond or moving to strike. I therefore address the motion for summary judgment on the merits.

## III. ANALYSIS

### A. Duty Of A Leading Car

A driver owes a duty of care to the vehicles behind him to proceed at a reasonable distance from the car in front of him to permit him under the circumstances to avoid a sudden and abrupt stop and a telescopic collision in the rear. *See Chadwick v. Popadick*, 136 A.2d 87, 89 (Pa. 1957); *see also* 75 Pa.C.S.A. § 3361. A driver may be negligent if he abruptly stops, leaving insufficient time and distance for a following vehicle to stop. *Toff v. Rohde*, 222 A.2d 434, 443 (Pa. Super. Ct. 1966) (citing *Huey v. Blue Ridge Transp. Co.*, 39 A.2d 602 (Pa. 1944)).

The School District Defendants fail to show a genuine dispute over a material fact as to Mr. Summers' alleged negligent driving. They argue that there is a factual dispute about whether Mr. Summers stopped suddenly. Mr. Summers testified that he gradually stopped his vehicle behind Mr. Parrett's and was stationary up to one minute before the impact with the school van. Ms. Warner testified that she did not know whether Mr. Summers was slowing or stopped before she hit him, but "[i]t just seemed like everybody suddenly came to a sudden stop." (ECF No. 39-4 at 46.) Ms. Warner's account does not create a disputed fact because it is just conjecture. *See Ramara, Inc.*, 814 F.3d at 666. Ms. Warner didn't testify to any facts to support the suddenness of the stop, such as Mr. Summers driving at an unreasonable speed or unreasonable following distance or

inattentively. *See Chadwick*, 136 A.22d at 89. Nor did she say that she saw anyone stop suddenly.

In the absence of such facts, Ms. Warner can only speculate that it "looked like they put their brakes on hard and fast" (ECF No. 39-4 at 65), because she did not expect a slowdown at that distance from the intersection and did not notice brake lights while her attention was diverted to her rear. While Ms. Warner may have experienced the collision as sudden, there is no genuine dispute as to whether Mr. Summer's stop was in fact sudden. There is only Ms. Warner's guess. And that's not enough to suggest that Mr. Summers was negligent.

The Pennsylvania Supreme Court's decision in *Lockhart v. List*, A.2d 1176 (Pa. 1995), on which the School District Defendants rely, does not require a different outcome. In *Lockhart*, the plaintiff driver struck a garbage truck that was positioned across the road as she exited a curve that obstructed her view. *Id.* at 1178. The Court held that the plaintiff was entitled to a jury instruction as to the sudden emergency doctrine concerning unforeseen obstacles. *Id.* at 1183. The Court further held that the instruction on the assured clear distance doctrine was improper because it omitted language explaining that a prudent following driver may not be negligent if she hits something in her lane of travel "approaching a crest of a hill or similar topography such that the distance that… she can see is severely limited." *Id.* at 1184. These holdings might be relevant to resolving Ms. Warner's negligence, but they do not pertain to the undisputed issue here, which is Mr.

Summers's possible negligence. There was no obstruction to Ms. Warner's view, and no one suggests otherwise.

## IV. CONCLUSION

A jury could not reasonably conclude that Mr. Summers stopped negligently. Therefore, the Summers Defendants are entitled to summary judgment on all of Ms. Alonso's claims and on the School District Defendants' crossclaims. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 16, 2026